**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

WADIE BUTLER,
        Appellant,

     v.

UNITED STATES POSTAL SERVICE,
        Agency.

DOCKET NUMBER
DA-0752-14-0196-I-1

DATE: September 23, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kenneth Brady and Samuel C. Beale, Esquire, Houston, Texas, for the appellant.

Nadalynn F. Hamilton, Dallas, Texas, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which affirmed the appellant's removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 On November 12, 2013, the agency proposed the appellant's removal from his position as Full-time Regular City Carrier, for unacceptable conduct. Initial Appeal File (IAF), Tab 6 at 15. According to the specification, on August 13, 2013, while assigned to official duties on Route 7227 at Beechnut Station in Houston, Texas, "witness statements and a joint Labor-NALC[2] investigation revealed [that the appellant was] involved in a physical and verbal altercation with . . . [the] Manager at Beechnut Station." IAF, Tab 5 at 15. The appellant responded. IAF, Tab 6 at 22-29. The deciding official sustained the charge and removed the appellant effective January 17, 2014. IAF, Tab 6 at 10-13.

¶3 The appellant, a preference-eligible veteran, timely filed a Board appeal, in addition to filing a grievance with the agency. IAF, Tab 1. On appeal, the appellant partially denied the charge, argued that the penalty was too severe, and claimed disparate treatment. IAF, Tab 1 at 12, Tab 11, Hearing Compact Disc (HCD). The agency responded in opposition. IAF, Tab 6 at 3-7. After holding a

---

[2] NALC is an abbreviation for the National Association of Letter Carriers.

hearing, the administrative judge: (1) sustained the charge of unacceptable conduct; (2) found that the appellant's removal was reasonable and promoted the efficiency of the service; and (3) further found that "the seriousness of the appellant's conduct militate[d] against mitigating the penalty."  IAF, Tab 12, Initial Decision (ID).  Thus, the administrative judge affirmed the appellant's removal.  ID.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4        The appellant has timely filed a petition for review.  Petition for Review (PFR) File, Tab 1.  On review, the appellant argues that: (1) the administrative judge improperly excluded a "key witness"; (2) the agency committed procedural error by selecting a biased deciding official; and (3) the administrative judge failed to properly consider the *Douglas* factors.  *Id.*  The agency has responded in opposition.  PFR File, Tab 3.

¶5        The appellant does not challenge the administrative judge's findings that the agency proved the charge of unacceptable conduct by preponderant evidence and that the appellant failed to prove disparate treatment for failing to "identify any similarly-situated employee who received a lesser penalty."  *Id.*; ID at 9-10.  Based on our review of the record, we discern no error in the administrative judge's findings.  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings where the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

The appellant failed to preserve his objection to and establish error in the administrative judge's decision to exclude the proposing official as a witness.

¶6        The appellant alleges that the administrative judge erred in excluding the proposing official as a witness.  PFR File, Tab 1 at 5.  However, an appellant's failure to timely raise objections to witnesses before the administrative judge

precludes him from raising them for the first time on petition for review. *Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988). The appellant failed to raise his objection to the administrative judge's summary of the telephonic prehearing conference that notified the parties of the approved witnesses, IAF, Tab 9, or at the hearing, *see* HCD, despite being provided the opportunity to do so. Thus, the appellant has waived his objection to the administrative judge's exclusion of the proposing official as a witness.

¶7          Moreover, the administrative judge has wide discretion to exclude witnesses where it has not been shown that their testimony would be relevant, material, and nonrepetitious. 5 C.F.R. § 1201.41(b)(8), (10); *see Franco v. U.S. Postal Service*, 27 M.S.P.R. 322, 325 (1985). According to the appellant, the proposing official's testimony was "key" because the proposing official was his "immediate supervisor" and allegedly admitted to a union representative that he would have proposed a lesser penalty. *Id.* at 5-6. Yet, the appellant has failed to show the relevance of this testimony. The deciding official, not the proposing official, has the authority to make the penalty determination. Furthermore, as evidenced by the agency's notice, the proposing official in fact recommended removal, *see* IAF, Tab 6 at 15-18; therefore, any subsequent statement by the proposing official that contradicts his proposal would affect his, not the deciding official's, credibility. *See McCauley v. Department of the Interior*, 116 M.S.P.R. 484, ¶ 9 (2011). Consequently, the appellant has failed to show that the administrative judge erred in excluding the proposing official as a witness.

The appellant has failed to show that the agency's deciding official prejudged the merits of the removal action or was otherwise biased against him.

¶8          The appellant argues that the agency committed procedural error because the agency denied his "right to have his case heard by a neutral third party Area Manager." PFR File, Tab 1 at 5-6. An appellant's due process rights are violated when his basic rights are determined by a biased decision maker. *Martinez v.*

*Department of Veterans Affairs*, [119 M.S.P.R. 37](), ¶ 10 (2012). The burden is on the appellant to establish that the decision maker was actually biased. *Id.*

¶9 In support, the appellant argues that the deciding official was biased because she was the "immediate supervisor and possible mentor" of the Manager of Beechnut Station, who was the other person involved in the charged altercation. PFR File, Tab 1 at 5-6. However, those facts alone are insufficient to establish bias, even if that connection somehow led the deciding official to be predisposed against the appellant. *See Svejda v. Department of Justice*, [7 M.S.P.R. 108](), 111 (1981) (finding no general proscription of the appointment of a person as deciding official who may be familiar with the facts of the case or may have a predisposition against the appellant). The appellant's generalized allegations fail to establish that the deciding official's independent judgment was compromised or that she did not meaningfully consider all of the evidence. Rather, based on the record evidence and the deciding official's testimony, the administrative judge properly found that the deciding official "properly exercised her discretion." ID at 12. Because the appellant has not shown any bias, much less bias constituting harmful error, he has failed to establish that the agency committed procedural error by selecting this particular deciding official.

The administrative judge properly considered the *Douglas* factors.

¶10 The appellant alleges that the administrative judge erred in finding that the penalty was reasonable because he considered only 3 of the 12 *Douglas*[3] factors. PFR File, Tab 1 at 6-10. As the administrative judge correctly stated, where, as here, all of the agency's charges are sustained, the Board will review the agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within the tolerable limits of reasonableness. *Ellis v. Department of Defense*, [114 M.S.P.R. 407](), ¶ 11

---

[3] *See Douglas v. Veterans Administration*, [5 M.S.P.R. 280](), 305-06 (1981) (setting forth the factors appropriate for consideration in determining the reasonableness of an agency-imposed penalty).

(2010); *Douglas*, 5 M.S.P.R. at 305-06. The agency need not address all 12 factors, merely those that are relevant. *Douglas*, 5 M.S.P.R. at 306 (clarifying that not all 12 factors will necessarily be pertinent in every case). The Board will modify or mitigate an agency-imposed penalty only where it finds that the agency failed to weigh the relevant factors or the penalty clearly exceeds the bounds of reasonableness. *Singletary v. Department of the Air Force*, 94 M.S.P.R. 553, ¶ 9 (2003), *aff'd*, 104 F. App'x 155 (Fed. Cir. 2004).

¶11     We disagree with the appellant's contention. The decision letter and the deciding official's testimony clearly indicate that she considered the relevant *Douglas* factors.[4] In her decision letter, the deciding official stated that she assessed the penalty in accordance with the *Douglas* factors. IAF, Tab 6 at 10-11. Also, she accounted for mitigating and aggravating factors, specifically, the appellant's "length of service, position, past record," and "potential for rehabilitation" and "the nature and seriousness of the offense." *Id.* The deciding official's testimony also was consistent with her decision letter, and it elaborated on the rationale behind her decision. *See* ID at 10-12. In particular, the administrative judge noted that the deciding official found that the appellant acted intentionally, he complained of the Beechnut Station Manager rather than offer an apology after the incident, he created an unsafe environment for employees, and his actions inhibited managers' ability to correct employees without fear. ID at 2-3, 10-11.

¶12     Next, the appellant argues that the agency failed to adhere to its own progressive discipline policy. PFR File, Tab 1 at 7. Progressive discipline is intended to ensure that an employee is on notice that his misconduct will not be

---

[4] To the extent the appellant suggests that a deciding official must state, with particularity, which of the *Douglas* factors relate to the specification supporting a charge, he provides no authority for his position, and we are aware of none. We further find that the administrative judge did not abuse his discretion in allowing the deciding official to testify as to her rationale for imposing the penalty. *See* 5 C.F.R. § 1201.41(b)(10) (authority of the administrative judge to receive relevant evidence).

tolerated.  *See Cascio v. General Services Administration*, [21 M.S.P.R. 7](), 10 (1984).  Progressive discipline may be appropriate when there is a chance that it will successfully modify the appellant's conduct and lesser sanctions are expected to deter such conduct in the future.  *See Merchant v. U.S. Postal Service*, [52 M.S.P.R. 330](), 334, *aff'd*, 980 F.2d 745 (Fed. Cir. 1992) (Table).  Here, the deciding official emphasized that the agency has a zero tolerance policy regarding violence, of which the appellant was on notice.  HCD.  Also, she determined that a lesser penalty would not deter future misconduct, but instead would condone such behavior.  HCD.  Thus, to the extent that it has a progressive discipline policy, the agency properly declined to implement it here, where the appellant intentionally violated the agency's zero tolerance policy.

¶13        Regarding possible mitigating factors, although the deciding official did not address the issue of provocation, as she was "unaware" of any provocation, the administrative judge did address the issue.  ID at 11.  Here, the appellant alleged that the Beechnut Station Manager had "purposely and maliciously" shorted the appellant's pay 1 month prior to the incident, and also that he was punishing the appellant for not finishing his route the prior day.  HCD.  To whatever extent that Manager's actions could be construed as provocation, the Manager did not take physical action against the appellant.  *See* ID 2-9.  Thus, we find that provocation does not justify mitigation of the appellant's penalty.

¶14        Therefore, we agree with the administrative judge that the agency considered the appropriate *Douglas* factors and we defer to the agency's imposed penalty of removal.  *See Davis v. U.S. Postal Service*, [120 M.S.P.R. 457](), ¶ 16 n.4 (2013) (removal under an agency's zero tolerance policy is entitled to deference when the deciding official properly considers the relevant *Douglas* factors).  In sum, we find no reason to mitigate the appellant's removal or to disturb the initial decision.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.